In the Matter of JOHN GRIMES, Appellant, v. IRISH ECHO NEWSPAPER CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the claimant from a decision of the Workmen's Compensation Board, filed June 20, 1972, which denied his claim for benefits. The claimant's testimony is to the effect that he was an inside worker, but that he also performed various outside duties for the employer and the employer furnished a car for the claimant's transportation, the same being subject to unlimited use by the claimant. The record establishes that when the claimant left work on March 11, 1970 at about 8:30 P.M., he proceeded to engage in purely personal activities such as his evening meal and then attending a movie. He testified that "while driving *home* from work, I was proceeding north on Mamaroneck Avenue, when flames came from under the dashboard of the car. I tried to put them out, and from that point, I don't remember anything until I woke up the next morning." (Emphasis supplied.) He then testified that from the time he left the movie he did not remember anything until the fire in the car, which caused his injuries. The record contains evidence offered by the respondents which establishes that the route or highway where the fire occurred was not the most direct or expeditious way for the claimant to be traveling homeward. It was also established that, although the claimant could not remember the incident, he had been involved in a three-car accident about an hour prior to the time his car was discovered on fire. The board recited the testimony of the claimant and noted that there was no medical evidence in the record which would tend to explain or support the claimant's lack of memory as to the occurrences from the time he had left the movies until the time his car was found burning. A majority of the board panel found that subsequent to leaving his place of employment the claimant engaged in wholly personal activities and was not in the course of his employment at the time of the fire. While it is certain that the employer furnished transportation to the claimant to and from his place of employment, nevertheless, the record contains substantial evidence which was apparently adopted by the board to the effect that, at the time the claimant suffered his injuries, he was not on his way home. In any event, that

was a factual issue for the board and thus the present case is not similar to *Matter of Lo Monico* v. *Coca Cola Bottling Co. of N. Y.* (28 A D 2d 1053) where the board had found that, at the time of the employee's accident, he was not only in a company automobile, he was on his way home. The facts in *Lo Monico* which as found by the board would give rise to a presumption that the employee was in the course of his employment at the time of the accident and that the accident arose out of the employment (Workmen's Compensation Law, § 21) are not present in the decision herein. Decision affirmed, without costs. Herlihy, P. J., Staley, Jr., Sweeney, Main and Reynolds, JJ., concur.